1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    CLARK FRATUS, et al.,                    Case No.  14-cv-05533-MEJ
                    Plaintiffs,
8                                             **DISCOVERY ORDER**
           v.
9                                             Re: Dkt. No. 21
     COUNTY OF CONTRA COSTA, et al.,
10                  Defendants.
11
12
13                              **INTRODUCTION**
14          This case arises out of Defendants' code enforcement actions against Plaintiffs Clark and
15   Karla Fratus's properties in Contra Costa County.  Pending before the Court is the parties' Joint
16   Discovery Letter, filed July 23, 2014, regarding Defendants' demand for inspection of the
17   properties.  Dkt. No. 21 ("Jt. Ltr.").  Having considered the parties' positions, relevant legal
18   authority, and the record in this case, the Court issues the following order.
19                              **BACKGROUND**
20          Plaintiffs' lawsuit concerns two properties they own in the Oakley area of unincorporated
21   Contra Costa County, 2284 and 2300 Dutch Slough Road.  First Am. Compl. ¶¶ 1, 17, Dkt. No. 1-
22   2. Each property is improved with a two-story, single-family residence.  *Id.* ¶¶ 15, 17.  In October
23   2007, Contra Costa County received a citizen complaint from a tenant at one of the properties
24   reporting that unauthorized second units were being maintained at the residences.  Jt. Ltr. at 2.
25   The County contends the building permits on file for the properties authorize only one single-
26   family residence per structure.  *Id.*  From 2007 to 2009, the County pursued building code and
27   zoning enforcement actions against the properties.  *Id.*; First Am. Compl. ¶¶ 20-34.  Plaintiffs
28   assert the County's actions were devoid of any factual or legal support.  Jt. Ltr. at 4.  Plaintiffs

United States District Court
Northern District of California

1   bring claims under 42 U.S.C. § 1983, alleging violations of their Fourteenth Amendment

2   Substantive Due Process and Equal Protection Rights; a First Amendment claim for retaliation;

3   and a state law claim for inverse condemnation.  First. Am. Compl. ¶¶ 50-70.  They seek recovery

4   of monetary damages, including damages for the loss or diminution in value to their properties,

5   and injunctive and declaratory relief.  *Id.* at 16-17.

6   On May 28, 2015, the County served Plaintiffs with a Demand for Inspection of the two

7   Dutch Slough Road properties, noticed for July 7, 2015.  Jt. Ltr., Ex. A (Demand).  Defendants

8   maintain the purpose of the inspection is to allow the County's real estate appraiser expert, Ms.

9   Alison Teeman of Yovino-Young, Inc., to inspect the residences as part of her valuation of the

10  properties and her evaluation of Plaintiffs' diminution in value claims.  Jt. Ltr. at 2.  At Ms.

11  Teeman's request, the County included a building inspector from its Building Inspection

12  Department for the purpose of identifying any conditions at the residences which may not be in

13  compliance with applicable Building Code provisions.  *Id.*

14                              **LEGAL STANDARD**

15  Federal Rule of Civil Procedure ("Rule") 26 provides that a party may obtain discovery

16  "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.

17  P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears

18  reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  A court "must limit

19  the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery

20  sought is unreasonably cumulative or duplicative, or can be obtained from some other source that

21  is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

22  ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

23  expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

24  the amount in controversy, the parties' resources, the importance of the issues at stake in the

25  action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

26  "The court may, for good cause, issue an order to protect a party or person from

27  annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting

28  disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3)

2

preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### DISCUSSION

Defendants contend they are entitled to enter the properties to conduct inspections based on Plaintiffs' damages claims for the loss or diminution in value of their properties.  Jt. Ltr. at 2-3.  They maintain that any conditions at the properties that may not be in compliance with applicable building code provisions "may well significantly affect Ms. Teeman's opinions re valuation of the properties."  *Id.* at 2.

Plaintiffs are willing to comply with Defendants' request for an appraisal of the properties.  *Id.* at 4.  However, they argue there is no need for a building inspector to accompany the appraiser.  *Id.*  They maintain Defendants' desire to have a building inspector present is an excuse "to find any possible minor violation against one or both of the properties for the purpose of renewing their campaign of harassment" against them.  *Id.*  Plaintiffs thus object to the entry of a County building inspector on their properties as part of the appraisal.  *Id.* at 5.

### A.    Relevancy

Pursuant to Rule 34(a), a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2).  A party requesting inspection of property may seek an order compelling such inspection when the requested party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).

The party seeking to compel an inspection under Rule 34 has the initial burden of establishing that its request satisfies the relevance requirements of Rule 26(b)(1).  *Reece v. Basi*, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014).  "Following that showing (or if relevance is plain from the face of the request), the party who resists discovery then has the burden to show

3

1    that discovery should not be allowed, and carries the 'heavy burden of clarifying, explaining, and

2    supporting its objections.'" *Lenard v. Sherwin-Williams Co.*, 2015 WL 854752, at *1 (E.D. Cal.

3    Feb. 26, 2015) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

4            First, the Court finds Defendants have met their burden of demonstrating relevance.

5    Plaintiffs allege "not one shred of evidence ever existed to support the defendants' ongoing

6    harassment of the plaintiffs," yet "they nevertheless persisted in their allegations that the

7    Fratus[es] had violated land use restrictions in Contra Costa County." Jt. Ltr. at 4.  They allege

8    Defendants put them "through hell for many years during which time, their properties, which had

9    been purchased for investment purposes, were red-tagged and had notices of violation unlawfully

10   recorded against them," and Plaintiffs "watched as the value of their properties plummeted -

11   unable to sell, refinance or make any useful purpose of their real estate." *Id.*  As Plaintiffs are

12   claiming diminution in value damages to their properties, and Defendants have shown the

13   condition of the residences on the properties is a relevant concern in the valuation determination,

14   the inspection request is valid and could lead to admissible evidence.

15           Second, Plaintiffs have failed to meet their heavy burden of showing the inspection should

16   not be allowed.  Plaintiffs assert there is no evidence of any building code violations, and

17   Defendants are therefore entitled to determine whether this is true.  As to Plaintiffs' objection

18   regarding a County building inspector attending the inspection, they fail to provide any authority

19   establishing that a building inspector may not conduct an inspection pursuant to Rule 34(a)(2).

20   While Plaintiffs may likely disagree with Defendants' completed report, they are free to present

21   their own contrary evidence to the jury.

22           Plaintiffs also argue "Defendants' Request for Inspection on these residential properties by

23   a building inspector, if allowed, would operate as a 'carte blanche' walk around which as the court

24   pointed out in *U.S. v. American Optical Co.*, is not allowed under Fed. R. Civ. P. 34." *Id.* at 5

25   (citing *United States v. Am. Optical Co.*, 2 F.R.D. 534, 536 (S.D.N.Y. 1942)).  However,

26   *American Optical* does not address property inspections under Rule 34(a)(2), but instead addresses

27   limitations on the plaintiff's request to search for documents.  *Id.*  There is no discussion regarding

28   a "carte blanche" walk around as part of a property inspection.  The court held a Rule 34 document

4

United States District Court
Northern District of California

1  designation "must be sufficiently precise in respect of each document or item of evidence sought

2  to enable the defendant to go to his files and, without difficulty, to pick the document or other item

3  requested out." *Id.* For property inspections, a request under Rule 34(a)(2) is "sufficiently clear if

4  it places the party upon reasonable notice of what is called for and what is not." *Thompson v.*

5  *Thather*, 2014 WL 1347493, at *2 (E.D. Cal. Apr. 3, 2014) (internal quotations and citations

6  omitted). Defendants' Demand for Inspection puts Plaintiffs on notice of the County's intent to

7  enter and inspect the properties at 2284 and 2300 Dutch Slough Road "for the purpose of

8  inspecting, measuring and photographing the property and any structures existing thereon,

9  including all areas within the residential structures, garages, and/or boat houses, or any other

10  structures and including interior spaces." Jt. Ltr., Ex. A. The Court finds this demand is

11  sufficiently clear.

12          Accordingly, Defendants, through Ms. Teeman and their building inspector, are entitled

13  under Rule 34(a)(2) to enter the properties for the purpose of conducting inspections related to the

14  value of the properties.

15  **B.     Protective Order**

16          Plaintiffs also request a protective order restricting the use of any information gleaned

17  from the inspection report for use only in this case. Jt. Ltr. at 5. Under Rule 26(c), courts have

18  discretion to issue protective orders provided that "good cause" exists to issue such an order to

19  protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

20  Plaintiffs bear the burden of showing specific prejudice or harm will result if no protective order is

21  granted. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad

22  allegations of harm, unsubstantiated by specific examples or articulated reasoning, does not satisfy

23  the Rule 26(c) test"); *see also San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d

24  1096, 1102 (9th Cir. 1999) (to gain a protective order, the party must make a "particularized

25  showing of good cause with respect to any individual document").

26          Inspections may be objected to on any basis that would support a Rule 26(c) protective

27  order. *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 76 (D.D.C. 1999) (citing

28  *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co.*, 171 F.R.D. 246, 248 (D. Minn. 1997)).

1    "When a responding party exercises this right and objects to a Rule 34(a) request, the court should

2    balance the degree to which the proposed inspection will aid in the search for truth against the

3    burdens and dangers created by the inspection." *Id.* (citing *N.Y. State Assoc. for Retarded*

4    *Children, Inc. v. Carey*, 706 F.2d 956, 960 (2d Cir. 1983); *Belcher v. Bassett Furniture Indus.,*

5    *Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *Minn. Mining & Mfg. Co.*, 171 F.R.D. at 248)).

6    Plaintiffs seek a protective order to prevent Defendants from "renewing their campaign of

7    harassment" and reinstituting code enforcement actions against them. Jt. Ltr. at 4.  In response,

8    Defendants state the County "officially ceased" code enforcement actions against Plaintiffs in

9    2012 and "[t]hat is clearly not the intended purpose of the noticed inspections." *Id.* at 3-4.  In

10    balancing Defendants' need for the inspection as part of its defense against the burdens created by

11    the inspection, the Court is mindful of the potential for an inspector with the County's Building

12    Inspection Department to locate code violations that could be used to institute new code

13    enforcement actions.  Although Defendants state they have ceased previous code enforcement

14    actions, they provide no affirmation regarding potential enforcement actions if any violations are

15    found as a result of the inspection.  Thus, while it does not appear that Defendants' inspection

16    request is designed to harass Plaintiffs, the Court finds it appropriate to limit information gained

17    from the inspection for use in this lawsuit.

18                                             **CONCLUSION**

19    Based on the analysis above, the Court **GRANTS** Defendants' request to compel the

20    inspection, conducted by Ms. Teeman and an inspector with the County's Building Inspection

21    Department, of 2284 and 2300 Dutch Slough Road.  The Court also **GRANTS** Plaintiffs' request

22    for a protective order, limiting the information obtained from the inspection to use in this lawsuit.

23          **IT IS SO ORDERED.**

24

25    Dated: July 27, 2015

26    _____

27    MARIA-ELENA JAMES
      United States Magistrate Judge

28

United States District Court
Northern District of California

6