UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK FRATUS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>        Defendants. | Case No. 14-cv-05533-MEJ<br><br>**ORDER RE: MOTION TO ALTER JUDGMENT AND/OR RELIEF FROM FINAL JUDGMENT**<br><br>Re: Dkt. No. 102 |

## INTRODUCTION

Pro se Plaintiffs Clark Fratus and Karla Fratus ("Plaintiffs") move to alter or amend the judgment entered on September 30, 2016 and/or for relief from said judgment pursuant to Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b). Mot., Dkt. No. 102. Defendants[1] filed an Opposition (Dkt. No. 104), and Plaintiffs filed a Reply (Dkt. No. 105). The Court has carefully reviewed Plaintiffs' Motion, as it did their Opposition and supporting evidence at summary judgment. In doing so, the Court has frankly often struggled to understand Plaintiffs' writing and arguments, and thus, in the interests of justice, has spent a significant amount of time and resources pouring over the record. But at this point, the Court ultimately finds no grounds to grant the relief they seek. As such, the Court finds this matter suitable for disposition without oral argument and **VACATES** the December 8, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case,

---

[1] "Defendants" are the County of Contra Costa ("County"), Catherine Kutsuris (former Director of the County's Department of Conservation and Development ("DCD")), Jason Crapo (Deputy Director for the Building Inspection Division of DCD), Michael Angelo Silva (former Chief of the Property Conservation section of the Building Inspection Department), Gano Thomas (former Principal Building Inspector and Office Coordinator for East County Satellite Office), Robert Erickson (County building inspector), Aruna Bhat (Deputy Director of Community Development Division in DCD), and Keith Denison (DCD's Application and Permit Center Manager).

the Court **DENIES** Plaintiffs' Motion as set forth below.

**BACKGROUND**

This action arose out of a code enforcement action initiated originally in 2007 on Plaintiffs' properties at 2284 and 2300 Dutch Slough Road in the Oakley area of unincorporated Contra Costa County (the "Properties"). The County's Department of Conservation and Development ("DCD") issued code enforcement violations and imposed fines on Plaintiffs' Properties. Plaintiffs appealed the notices of fines, and in late 2009, Defendants Jason Crapo, a Building Official, and Robert Drake, the Deputy Zoning Administrator, heard the appeal. Less than a month later, Crapo and Drake issued a final administrative order upholding the fines.

Following the decision, Plaintiffs filed a writ of mandamus in Contra Costa County Superior Court. In June 2011, the state court granted Plaintiffs' motion for administrative mandate, finding the DCD's findings were not supported by the evidence, which rather reflected that both Properties had been permitted during the 1960s for two stories of living space.

Although Plaintiffs chose not to act on the state court's mandate, on July 26, 2011, Plaintiffs filed their first federal action concerning the code enforcement case, naming the same defendants they name in this case (except for Defendant Denison, who was named for the first time in this case) and asserting claims under 42 U.S.C. § 1983 for violations of their procedural and substantive due process rights. That case is *Clark Fratus, et al., v. Contra Costa Board of Supervisors, et al.*, Case No. 11-cv-3659-JSC (N.D. Cal.) ("*Fratus I*").

In the interim period, a number of actions were taken. On February 2, 2012, DCD rescinded the fines, and on June 26, 2012, recorded a release of the Assessment Liens on the Properties. Then on November 27, 2012, DCD recorded Notices of Pending Nuisance Abatement on both properties, closing the code enforcement actions on the Properties. On December 18, 2012, Plaintiffs went to the County's Application and Permits Center and filled out a "Planning Information Request" form. According to Plaintiffs, Defendant Denison told them he would not allow them to submit an application because second units are not permitted in the F-1 zoning, and Plaintiffs "left the office unable to even file an application." *See* K. Fratus Suppl. Decl. ¶ 7, Dkt. No. 85 ("Keith Denison told me that he would not allow me to submit an application because

second units are not permitted in the F-1 zoning. . . . Mr. Denison would not accept the form[.]").

On December 21, 2012, Magistrate Judge Jacqueline Scott Corley granted the defendants' motion for summary judgment and entered judgment in their favor. *Fratus I* Order re: Mot. for Summ. J., Dkt. No. 119; *Fratus I* Judgment, Dkt. No. 120. Judge Corley concluded Plaintiffs' procedural due process claim—which alleged defendant Crapo was biased in favor of DCD—failed as a matter of law because there was no genuine dispute that DCD revenues from fines for the applicable time periods were *de minimis*. Judge Corley also granted summary judgment to the defendants on Plaintiffs' substantive due process claim because Plaintiffs had failed to raise an issue of fact as to whether Defendants' conduct in enforcing the applicable land use and building codes was arbitrary or egregious. *Fratus I* Order re: Mot. for Summ. J. at 11-12.

Plaintiffs moved for relief from Judge Corley's summary judgment order, which she subsequently denied. *Fratus I* Order Denying Relief from Final Judgment, Dkt. No. 144. In doing so, Judge Corley recognized that "Defendants . . . rescinded the fines and released the Assessment Liens for Plaintiffs' failure to pay their fines, as well as the Notice of Pending Nuisance Abatement." *Id.* at 2; *Fratus v. Contra Costa Cty. Bd. of Supervisors*, 2013 WL 5645195, at *1 (N.D. Cal. Oct. 16, 2013). Plaintiffs appealed to the Ninth Circuit, which affirmed. The Ninth Circuit found, among other things, that "[t]he County's conclusion that a 1951 county ordinance prohibited attached second living units in Plaintiffs' homes was not 'egregious.'" *Fratus v. Contra Costa Cty. Bd. of Supervisors*, 599 F. App'x 707, 708-09 (9th Cir. 2015) (quoting *Brittain v. Hansen*, 451 F.3d 982, 996 (9th Cir. 2006)). It agreed "DCD employees did not act in ways that 'shock[] the conscience' and they did not 'intend[] to injure in some way unjustifiable by any government interest.'" *Id.* (quoting *Brittain*, 451 F.3d at 991) (edits in original).

Plaintiffs filed the above-captioned case in state court on February 14, 2014, and Defendants removed the action to this Court on December 18, 2014. Notice of Rem., Dkt. No. 1. Plaintiffs filed three state law claims for declaratory and injunctive relief, as well as a claim for inverse condemnation. *See* First Am. Compl. ("Compl."), Causes of Action 1-3 ("state law claims"), Dkt. No. 1-2. They also filed three federal claims for denial of equal protection, First Amendment retaliation, and denial of substantive due process. *See id.*, Causes of Action 4-6

3

("federal claims").

On September 30, 2016, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. Summ. J. Order, Dkt. No. 97. After holding a hearing in this matter and allowing Plaintiffs a further opportunity to file supplemental briefing *and evidence* to support their claims (Minute Entry re: Hrg., Dkt. No. 82; Suppl. Br. Order, Dkt. No. 83), the Court determined Plaintiffs' federal claims did not withstand summary judgment and declined to exercise supplemental jurisdiction over any remaining state law claims. Summ. J. Order at 21; Judgment, Dkt. No. 98. Specifically, the Court found: (1) "Plaintiffs' substantive due process and equal protection claims are barred based on res judicata as they were resolved or could have been resolved in *Fratus I*" and "[t]he same is true for Plaintiffs' state law claims to the extent they could have been brought and adjudicated in *Fratus I*"; and (2) their First Amendment retaliation claim failed because they "identified no evidence that any of Defendants' allegedly unlawful acts were taken because Plaintiffs engaged in protected speech[.]" Summ. J. Order at 19-20.

Plaintiffs now move to alter or amend the judgment. On the same day they filed this Motion, Plaintiffs also appealed to the Ninth Circuit Court of Appeals. Notice of Appeal, Dkt. No. 103.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc. (Multnomah Cty.)*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir.), *cert. denied*, 135 S. Ct. 21 (2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Federal Rule of Civil Procedure 60(b) provides for reconsideration of a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the

court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6)—"any other reason justifying relief"—requires a party to "show 'extraordinary circumstances,'" such as circumstances showing "the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993) (citations omitted). Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993).

"Rule 59(e) permits a court to alter or amend judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted). A party seeking reconsideration under either Rule 59 and Rule 60 must do more than rehash arguments or raise contentions that could have been considered prior to the challenged judgment. *See Young v. Peery*, 163 F. Supp. 3d 751, 753 (N.D. Cal. Nov. 24, 2015); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130-31 (E.D. Cal. Mar. 13, 2001).

## DISCUSSION

### A.    Bases for Plaintiffs' Motion

Plaintiffs do not contend they discovered new evidence since the Court rendered the judgment in this matter; rather, their arguments suggest they challenge whether (1) the Court committed clear error or (2) the Summary Judgment Order was manifestly unjust, and thus justifies relief from the corresponding judgment. They also indicate there may have been an intervening change in controlling law.

Specifically, Plaintiffs raise the following arguments in support of their Motion: (1) they contend the Notices of Final Disposition and Release "affirmatively stated the Fratus properties were not in violation" making the "state of knowledge of the county officials [] different in December 2012" and "[a]ny inference that the County was acting in good faith but mistaken belief about the law was no longer available to them in 2012" (*see* Mot. at 1-2); (2) "[i]n 2013 plaintiffs . . . discovered the zoning history" including an ordinance from 1947 which "[e]videnced . . .

duplexes . . . etc. have always been permitted in the plaintiffs zoning district" and "[t[he county has acted in bad faith and intentionally misrepresented the fact that 'DUPLEXES' contrary to what Aruna Bhat's Declaration Document 36 Filed 02/11/16 misrepresents to this court and misrepresented to Judge Corley's Court" (*id.* at 3); (3) "the county's position on zoning and the misinterpretation conflicts with the mandatory state laws in which the county has adopted specifically in their county ordinances which contain the mandatory language 'shall' and Government Code § 65852.2 and the position taken by Defendants Aruna Bhat and Keith Deninson are contrary to the law" and "county defendants have never had the legal authority to deny the second units" (*id.*); (4) "[t]he Corley court failed to consider the 2011 Brady Order" (*id.*); (5) "[i]n August and September of 2016 Governor Jerry Brown signed four new bills which support the laws and the contentions the county defendants have ministerial and mandatory duties to approve the second units prospectively" (*id.* at 4); (6) a "much more plausible inference" about why Denison "refused to even consider an application to legalize those units . . . . is that the County was retaliating against the Fratus' for their lawsuit, particularly since County had already acknowledged the fundamental premise that the second units were not in violation, and this was also established by the State Court" (*id.*); and (7) "[i]f the majority of units in the area have second units and the County has acknowledged there was no violation at the Fratus' property, there is clearly a triable issue of fact with respect to their motive, whether retaliatory or in violation of equal protection" (*id.* at 5) (errors in original).

**B.     Analysis**

Amending judgment is an "extraordinary remedy," *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1113 (9th Cir. 2011), and Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment," *Exxon Shipping*, 554 U.S. at 485 n.5.  Nor is re-litigation of argument appropriate for a Rule 60 motion. *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131.

As an initial matter, the Court finds that all of Plaintiffs' arguments either were or could have been presented in Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and supplemental briefing.  Plaintiffs' dissatisfaction with the Court's ruling on arguments the parties

6

already presented is not a valid basis for a motion under Rule 59(e) or Rule 60(b). This alone is a sufficient reason to deny the present Motion. Nor is the fact that Plaintiffs timely filed their Motion a reason to grant it, as they appear to suggest. *See* Reply at 8-9 ("Plaintiffs have timely filed their motion in satisfaction of Rule 59(e). Defendants continued arguments are without substance or merit as it applies to Rule 59(e).").

Nonetheless, the Court discusses Plaintiffs' specific arguments below.

1. Evidence & Arguments Available to Plaintiffs in *Fratus I*

Plaintiffs raise a number of arguments and evidence that they raised or could have raised in *Fratus I*. First, Plaintiffs point to a 1947 zoning history, which includes Ordinance 382. They contend this Ordinance shows duplexes have been permitted in the area of Plaintiffs' Properties, and based on this evidence Defendants "misrepresented" the zoning laws to Judge Corley. Mot. at 3. While Plaintiffs may have only found this evidence in 2013, they have not shown it was somehow not procurable until then. Plaintiffs had the duty to put forward their best arguments in *Fratus I*, and to the extent they contend Defendants had a duty to present this evidence in *Fratus I*, they have not demonstrated this to be the case. They have not shown how the 1947 zoning ordinance related to duplexes supports the legality of their specific Properties, nor have they explained that Defendants knew or should have known about that Ordinance, that it was still effective, or that it justifies a finding that Defendants' actions were irrational or arbitrary. *See also* Opp'n at 5 n.2 (indicating a difference between duplexes and second units—the latter of which are at issue here).

Second, Plaintiffs contend the position taken by Defendants is "contrary to the law" and "county defendants have never had the legal authority to deny the second units[.]" Mot. at 3. Third, and relatedly, they contend "[t]he Corley court failed to consider the 2011 Brady Order" because County counsel "misle[d]" Judge Corley. *Id.* As a preliminary matter, the Court lacks jurisdiction to review the *Fratus I* judgment. In any event, Plaintiffs raised and could have raised the same arguments about Defendants' legal authority to deny the second units as well as Judge Brady's Order in *Fratus I*. Judge Corley considered the County's basis for its decisions, (including the same basis used by Defendants Bhat and Denison, which Plaintiffs challenged again

7

in this action) and found Plaintiffs had not shown Defendants' decision was arbitrary or irrational. Plaintiffs had the opportunity to explain Judge Brady's order before Judge Corley rendered her summary judgment order, and furthermore, it is clear Judge Corley considered Judge Brady's order at the time of her decision. *See Fratus I* Order re: Mot. for Summ. J. at 4 (discussing 2011 State Court Order); *Fratus I* Order Denying Relief from Final Judgment at 2 (same). In sum, none of these arguments or the evidence justifies overturning the judgment.

2. <u>Denison's December 2012 Decision on Plaintiffs' Planning Information Request</u>

Plaintiffs essentially argue the Court should infer that in December 2012 Denison knew of the November 27, 2012 Notices of Final Disposition and Release of Notice of Pending Nuisance Abatement Proceeding for the Properties, the State Court's Order, and that other units "in the area" had "second units." *See* Mot. at 3, 5. They then argue Denison's decision on their Planning Information Request was intentional, irrational, and/or arbitrary in finding second units are not permitted on Plaintiffs' Properties; instead, they posit that Denison's decision is a result of the County retaliating against Plaintiffs for their lawsuit. *Id.* at 4.

The Court considered the two November 27, 2012 Notices of Final Disposition and Release of Notice of Pending Nuisance Abatement Proceeding for the Properties, and the same arguments Plaintiff reassert here: i.e., that the Notices "constitute an admission by the County that there was never a problem with their existing second unit use of those properties" because "[t]he Notices were issued without the Fratus' having made any renovations, modifications or improvements of any kind to their Dutch Slough Road properties[.]" Summ. J. Mot. at 9 (quoting Pls.' Suppl. Br. at 2, Dkt. No. 84; and considering Suppl. K. Fratus Decl., Exs. A-B at 1[2] (Notices), Dkt. Nos. 85-(1-2) & *id.*, Ex. 3 (copy of part of envelope allegedly containing notices)). The Court ultimately found the Notices and the delay in sending them immaterial to any dispute in the action, noting "these Notices show termination of the code enforcement actions to Plaintiffs'

---

[2] The second pages of these exhibits contain pictures and Plaintiffs' commentary and arguments about their Properties and this case. *See* Civ. L.R. 7-5 (declarations "must avoid conclusions and argument" or "may be stricken in whole or in part").

benefit—not a deprivation of rights." *Id.* at 9 (citing *Brittain*, 451 F.3d at 991 ("Substantive due process protects individuals from *arbitrary deprivation* of their liberty by government." (emphasis added))). It also found no basis for Plaintiffs' argument that the Notices constitute an admission that "there was never a problem" with their Properties. *Id.* As previously explained, objectively, the Notices do not say there was *never* a problem with the Properties. *See* Notices (stating the "nuisance abatement proceeding[s]" have "been completed" and the "propert[ies] [are] *no longer* in violation" (emphasis added)). And even if Plaintiffs did not make changes to their Properties, they provided the Court with "no objective evidence to support their interpretation of the Notices or to dispute Defendants' evidence" that DCD had issued the notices to help resolve *Fratus I*. *See* Crapo Decl. ¶¶ 16-17, Dkt. No. 38. As there was "no other evidence to support Plaintiffs' interpretation of the Notices," the Court found "they cannot use these Notices to establish a *genuine* dispute of fact that Defendants' prior actions related to Plaintiffs' Properties were unreasonable or arbitrary." Summ. J. Order at 10. As indicated, the Court thus considered the Plaintiffs' arguments and ultimately found Plaintiffs had failed to support their position.

Consequently, as to Plaintiffs' argument that these Notices changed Denison's "state of knowledge" (Mot. at 2), Plaintiffs provided no support that Denison knew about these Notices; that he should have known about the Notices; or that if he did know about the Notices they would have or should have altered his actions when he considered Plaintiffs' Planning Information Request. The same is true for the State Court's Order and the information about the second units: Plaintiffs provided no support that Denison knew about them; should have known about them; or that this information should have altered his actions. *See* Summ. J. Order at 16 n. 11 (noting state court did not "finally determine the legality" of the Properties, but found "based on the administrative record before it, DCD's findings were not supported by the evidence."). To the extent Plaintiffs contend the evidence about other properties in the area having second units demonstrates Defendants' actions at to them was irrational or arbitrary, Plaintiffs had the opportunity to raise this evidence in *Fratus I* to challenge the rational basis for Defendants' decisions. *See id.* at 17 n.12 (discussing same). There is no evidence Denison was acting arbitrarily or irrationally at the time made his decision on the Planning Information Request.

9

1    On the contrary, the only evidence in the record about Denison's decision is that he based
2    his conclusion on the same reasoning that Judge Corley found "not wholly unreasonable" and "at
3    least 'fairly debatable'" (*Fratus I* Order re: Mot. for Summ. J. at 12), a decision the Ninth Circuit
4    affirmed.  *See* Summ. J. Order at 15 (discussing same).  This finding means Plaintiffs' substantive
5    due process and equal protection claims are barred as they both apply the same rational-basis
6    review.  *Id.* at 16-17; *see Brittain*, 451 F.3d at 991; *N. Pacifica LLC v. City of Pacifica*, 526 F.3d
7    478, 486 (9th Cir. 2008) ("plaintiff must establish that the City intentionally, and without rational
8    basis, treated the plaintiff differently from others similarly situated" (citations omitted)); *see also*
9    *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990) ("[T]he rational relation test will not
10   sustain conduct by state officials that is malicious, irrational or plainly arbitrary." (citation
11   omitted)).

12   Finally, as to Plaintiffs' argument that Denison was retaliating against Plaintiffs for
13   exercising their First Amendment rights, as the Court previously found, there is no evidence in the
14   record to support this claim, as an "inference" or otherwise.  *See* Summ. J. Order at 20.  Again,
15   "Plaintiffs have identified no evidence that any of Defendants' allegedly unlawful acts were taken
16   because Plaintiffs engaged in protected speech, such as by showing that Denison even knew about
17   the lawsuit in *Fratus I*." *Id.*  Even if Denison knew about the other lawsuit at the time of his
18   decision, there is no evidence he used that a basis for his decision on Plaintiffs' Planning
19   Information Request.  Finally, as the Court also noted, there is no "evidence that any of
20   Defendants' acts would chill a person of ordinary firmness from speaking out.  Plaintiffs have
21   presented no evidence on which a jury could find in their favor on this claim."  *Id.*; *see Blair v.*
22   *Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (to prove a First Amendment retaliation claim,
23   "a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was
24   subjected to adverse action by the defendant that would chill a person of ordinary firmness from
25   continuing to engage in the protected activity; and (3) there was a substantial causal relationship
26   between the constitutionally protected activity and the adverse action." (quoting *Pinard v.*
27   *Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006))).

28   In sum, none of the foregoing arguments and evidence warrant altering the judgment.

3. <u>New Laws Signed in August and September 2016</u>

The last argument Plaintiffs provide in support of their Motion is that:

> In August and September of 2016 Governor Jerry Brown signed four new bills which support the laws and the contentions the county defendants have ministerial and mandatory duties to approve the second units prospectively. The current laws in place are defined by AB 1866 (Wright) amended the law in 2003 in three ways:
>
> • On and after July 1, 2003, an application received pursuant to a local ordinance adopted pursuant to Government Code § 65852.2(a) must be *considered ministerially* without discretionary review or hearing.[] The section in the law that allowed a city to require a conditional use permit was deleted.
>
> • Effective January 1, 2003, an application received by a city that has not adopted its own ordinance, must be *approved or disapproved ministerially* without discretionary review.

Mot. at 4 (footnote omitted, errors and emphasis in original).

Plaintiffs do not explain how the foregoing supports any of the claims raised in this case. Even if as of "August and September of 2016" Defendants *now* have a duty to "approve the second units prospectively" this does not show that Defendants violated Plaintiffs' rights in the past. DCD closed the code enforcement action on Plaintiffs' Properties in November 2012, and Plaintiffs have provided no evidence that Defendants currently violate the code section Plaintiffs identify above.

## CONCLUSION

In sum, based on the foregoing, the Court finds no reason to alter or amend its Judgment and accordingly **DENIES** Plaintiffs' Motions brought pursuant to Rules 59(e) and 60(b)(1).[3]

**IT IS SO ORDERED.**

//

//

---

[3] Plaintiffs raise a number of new arguments in their Reply not addressed in their Motion. *See* Reply at 8 (asserting County Defendants made false statements); *id*. at 11 ("Upon Fratus' hiring a supervising attorney, this court erred in dismissing the hearing and the opportunity for Counsel to make oral argument on Plaintiffs behalf and striking supporting Declarations." (errors in original); *id*. at 11-12 (arguing the Court improperly struck Plaintiffs' four expert witness reports). As any new arguments Plaintiffs make on Reply are waived, *see Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996), the Court declines to consider them.

1  Dated: November 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge